**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.D., W.T., E.S., and J.S.**

**No. 22-0481** (Clay County 21-JA-27, 21-JA-28, 21-JA-29, and 21-JA-30)

**MEMORANDUM DECISION**

Petitioner Mother R.D.[1] appeals the Circuit Court of Clay County's April 7, 2022, order terminating her parental rights to S.D., W.T., E.S., and J.S.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming, in part, and vacating, in part, the circuit court's December 3, 2021, adjudicatory order and April 7, 2022, dispositional order and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In October 2021, the DHHR filed a petition alleging that after giving birth to drug-exposed S.D., petitioner abandoned the child at the hospital, after which the DHHR assumed legal and physical custody of S.D. According to the petition, the maternal grandmother gained legal guardianship of E.S. and J.S. on June 3, 2009, in family court, and that the paternal grandmother gained legal guardianship of W.T. on April 22, 2021, in family court. The petition named the respective guardians of E.S., J.S., and W.T. as respondents but made no allegations of abuse and neglect against them. The petition also stated that petitioner tested positive for methamphetamine, amphetamine, morphine, and Ecstasy after giving birth to S.D., that she failed to seek prenatal care for S.D., and that S.D. received methadone treatment due to his drug exposure from petitioner. The DHHR alleged that petitioner's long-standing drug addiction impaired her ability to parent S.D.; that she failed to provide a suitable home for S.D.; and that she abandoned S.D. as she demonstrated a settled purpose to forgo her duties and parental responsibilities to S.D. by failing to visit S.D., provide for his basic needs, or otherwise comfort and feed him.

---

[1]Petitioner appears by counsel Andrew Chattin. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Michael W. Asbury, Jr. appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

Pertinent to this appeal, the petition does not contain specific allegations of petitioner's conduct that constitute abuse and/or neglect of E.S., J.S., and W.T. Instead, the petition includes broad, form language tracking the relevant statutes that alleged the "infant respondents" were abused and/or neglected and/or abandoned.[3] This language was not tailored to the specifics of petitioner's case, making references to circumstances with no relation to the specifics of the instant matter. The petition included general allegations that petitioner "failed to protect said children" and "knowingly or intentionally inflict[ed] or attempt[ed] to inflict or allowed another person to inflict physical injury or mental or emotional injury upon the infant respondents" and that the "infant respondents were subjected to negligent treatment, maltreatment, and/or abandonment by the adult respondent."

At the preliminary hearing, which petitioner waived, the circuit court ordered the DHHR to provide her reunification services, including drug screening, supervised visitations, parenting and adult life skills, and a substance abuse and psychological evaluation. In November 2021, petitioner filed a motion for an improvement period.

The circuit court held an adjudicatory hearing in December 2021, wherein petitioner specifically stipulated to abusing substances while pregnant with S.D., having a drug addiction that impaired her ability to parent and provide a suitable home for S.D., and abandoning S.D. shortly after his birth. Based on this stipulation, the circuit court adjudicated petitioner as an abusing parent. Critical to this appeal, the circuit court made no findings of abuse and neglect of E.S., J.S, and W.T. The record also shows that petitioner tested positive for methamphetamine, amphetamine, tetrahydrocannabinol, and fentanyl on December 6, 2021.

The court held a final dispositional hearing in February 2022. Petitioner testified that she had a substance abuse problem and would enroll in inpatient drug rehabilitation if granted an improvement period. In denying petitioner's motion for an improvement period, the court found that she made no efforts to address her addiction, continued to abuse substances, and previously failed to enroll into inpatient drug treatment. The court found that petitioner refused to cooperate with the DHHR's offered services, such as failing to attend a psychological evaluation, participate in regular drug screens, and attend supervised visitations with the children. The court further found that petitioner had not obtained appropriate housing. The circuit court concluded that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. By order entered on April 7, 2022, the circuit court terminated petitioner's parental rights to the children. Petitioner now appeals that order.[4]

---

[3]This is in contravention of Rule 18(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, which requires "[c]itations to statutes relied upon in requesting the intervention of the court *and how the alleged misconduct or incapacity comes within the statutory definition of neglect and/or abuse.*" (Emphasis added).

[4]S.D. was reunified with his father and has achieved permanency. E.S. and J.S.'s father's parental rights were terminated below. The father of W.T. had his parental rights terminated in 2015. E.S., J.S., and W.T. will remain in their respective legal guardianships.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

To begin, we first address whether the circuit court properly exercised jurisdiction over E.S., J.S., and W.T. As we recently explained,

> [t]o exercise subject matter jurisdiction [in an abuse and neglect proceeding], the court must make specific factual findings explaining how each child's health and welfare are being harmed or threatened by the allegedly abusive or neglectful conduct of the parties named in the petition. Due to the jurisdictional nature of this question, generalized findings applicable to all children named in the petition will not suffice; the circuit court must make specific findings with regard to *each* child so named.

Syl. Pt. 3, in part, *In re B.V.*, -- W. Va. --, -- S.E.2d --, 2023 WL 2769431 (Jan. 10, 2023). As set forth above, the circuit court did not make specific findings of fact regarding the abuse and neglect of E.S., J.S., and W.T. in its December 3, 2021, adjudicatory order. In addition to *B.V.*'s requirement that courts make specific findings with regard to *each* child, we have also discussed the sufficiency of orders in these proceedings and their impact on this Court's ability to review possible errors. We previously explained that

> [p]rocedurally, these various directives [set forth in the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes] also provide the necessary framework for appellate review of a circuit court's action. Where a lower court has not shown compliance with these requirements in a final order, and such cannot be readily gleaned by this Court from the record, the laudable and indispensable goal of proper appellate review is thwarted.

*In re Edward B.*, 210 W. Va. 621, 632, 558 S.E.2d 620, 631 (2001). Further, "[a]dequate findings must be made in order to protect the rights of litigants and to facilitate review of the record by an appellate court." *Id.* (citation omitted). *Edward B.* concerned a dispositional order that failed to include specific findings required for termination of parental rights. *Id.* at 629-30, 558 S.E.2d at 628-29. Although the order lacking factual findings currently before us is an adjudicatory order, the Court's analysis in *Edward B.* is instructive in this circumstance because the circuit court made *no specific findings* regarding petitioner's alleged abusive and neglectful conduct of E.S., J.S., and W.T.

On the contrary, the adjudicatory order simply declared petitioner to be an "abusive and neglectful parent" based upon her stipulations regarding the abuse and neglect of S.D. as contained in the petition.[5] The lack of specific findings as to E.S., J.S., and W.T. is in opposition

---

[5] Under the specific facts of this case, petitioner's stipulation to her adjudication cannot confer jurisdiction upon the circuit court. Not only are we without petitioner's written stipulation, if one was tendered, or the adjudicatory transcript necessary to add additional context to the specifics of petitioner's stipulation, but we have long explained that "[j]urisdiction of the person

3

to *B.V.* and its prohibition against "generalized findings applicable to all children named in the petition." -- W. Va. at --, -- S.E.2d at --, 2023 WL 2769431, at *1, Syl. Pt. 3, in part. Because the circuit court failed to establish that it properly exercised subject matter jurisdiction over E.S., J.S., and W.T., we must vacate, in part, the adjudicatory order regarding the adjudication of E.S., J.S., and W.T. as abused and/or neglected children and vacate, in part, the dispositional order regarding the termination of petitioner's parental rights to E.S., J.S., and W.T. only. We remand the matter for further proceedings consistent with this decision. *See* Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001) (permitting the vacation of dispositional orders when "the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated").

However, because the evidence established that S.D. was an abused and neglected child due to petitioner's (1) failure to seek prenatal care while pregnant with S.D., (2) abuse of substances while pregnant with S.D., and (3) abandonment of S.D., the circuit court properly exercised jurisdiction over S.D. As such, we address petitioner's arguments on appeal as they pertain to that child only.

First, petitioner argues that she should have been granted a post-adjudicatory improvement period. According to West Virginia Code § 49-4-610(2), a circuit court may grant a post-adjudicatory improvement period when it finds that the parent is likely to fully participate in an improvement period. Here, petitioner failed to participate in most services, such as regular drug screening and supervised visitation. Petitioner also failed to participate in her substance abuse and parental fitness evaluations, which would have aided her in addressing her continued substance abuse. The record shows that petitioner, through the DHHR, had the ability to obtain drug treatment but that she failed to do so. Petitioner's self-serving testimony that she would participate in the terms and conditions of an improvement period stands in direct contravention to her noncompliance with previously offered services. As such, the court did not find petitioner's testimony that she would fully participate in an improvement period credible, and we will not disturb this determination. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Accordingly, we find no abuse of discretion in the court's refusal to grant petitioner an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (holding that a circuit court's ruling on an improvement period is reviewed for an abuse of discretion).

We likewise find no error in the circuit court's conclusion that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect. The record shows that petitioner made no efforts to address her drug addiction, continued to abuse substances during the

---

may be conferred by consent, . . . [but] jurisdiction of the subject-matter of litigation must exist as a matter of law." *Ellithorp v. Ellithorp*, 212 W. Va. 484, 490, 575 S.E.2d 94, 100 (2002) (citations omitted). Because the circuit court failed to make the findings necessary to exercise subject matter jurisdiction over W.T., E.S., and J.S., partial vacation is required even though petitioner stipulated to her adjudication of being an abusing parent.

proceedings, failed to enroll into inpatient drug treatment or otherwise cooperate with the DHHR's offered services, such as a psychological evaluation, regular drug screening, and supervised visitations with the children. *See* W. Va. Code § 49-4-604(d)(3) (providing that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child"); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that [the] conditions of neglect or abuse can be substantially corrected"). Additionally, the record supports the conclusion that the termination of petitioner's parental rights was necessary for S.D.'s welfare as petitioner's drug addiction remained untreated and placed the child at risk if returned to petitioner's care. Considering S.D.'s young age, we have previously noted,

> the early, most formative years of a child's life are crucial to his or her development. There would be no adequate remedy at law for these children were they permitted to continue in this abyss of uncertainty. We have repeatedly emphasized that children have a right to resolution of their life situations, to a basic level of nurturance, protection, and security, and to a permanent placement.

*State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 257-58, 470 S.E.2d 205, 211-12 (1996). Upon this record, the Court finds no error in the circuit court's termination of petitioner's parental rights to S.D. only.

For the foregoing reasons, we affirm, in part, and vacate, in part, the circuit court's December 3, 2021, adjudicatory order and the April 7, 2022, dispositional order.[6] We affirm the adjudication of S.D. as an abused and/or neglected child and affirm the termination of petitioner's parental rights to S.D. only. We vacate the adjudication of E.S., J.S., and W.T. as abused and/or neglected children and vacate the termination of petitioner's parental rights to E.S., J.S., and W.T. This matter is remanded to the circuit court for further proceedings, including but not limited to the entry of an order setting out the requisite findings as to whether E.S., J.S., and W.T. met the statutory definitions of abused or neglected children, based on the evidence previously adduced. *See* W. Va. Code § 49-1-201. To the extent that the evidence does not support such a determination, we further direct the circuit court to undertake such proceedings, consistent with this decision, as may be necessary to ascertain whether E.S., J.S., and W.T. met the statutory definitions of abused or neglected children, so that the circuit court might properly exercise jurisdiction. The circuit court is directed to enter an adjudicatory order within the next thirty days. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Affirmed in part, vacated in part, and remanded.

---

[6]The vacation of these orders applies only to petitioner. Those orders also adjudicated the father of E.S. and J.S. as an abusing parent and terminated his parental rights. However, that father did not appeal those decisions. Accordingly, the portions of the orders concerning the father of E.S. and J.S. remains in full force and effect.

**ISSUED**: June 13, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

6